THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| CHANEL, INC.,<br>a New York corporation, | )<br>)<br>) | Case No. 2:10-cv-00304-HDM-(LRL) |
| Plaintiff, | )<br>) | ORDER ON FINAL DEFAULT<br>JUDGMENT AND PERMANENT |
| v. | )<br>) | INJUNCTION |
| SUSAN FELUM a/k/a SANDY YE a/k/a<br>SANDY PAN d/b/a FELUM GARMENT,<br>INC., an individual and DOES 1-10, | )<br>)<br>) | |
| Defendants. | )<br>) | |

THIS MATTER having come before the Court upon Plaintiff, Chanel, Inc.'s ("Chanel" or "Plaintiff") Motion for Final Default Judgment against Defendant Susan Felum a/k/a Sandy Ye

- 1 -

a/k/a Sandy Pan d/b/a Felum Garment, Inc., an individual (the "Defendant") d/b/a chanel-vip.com, felums.com, and felumshop.com (together, the "Subject Domain Names"), and the Court having considered the moving papers and there being no opposition thereto;

IT IS HEREBY ORDERED that Plaintiff's Motion for Final Default Judgment is GRANTED, and judgment is herby entered in favor of Plaintiff, Chanel, Inc, a New York corporation, with its principal place of business in the United States located at Nine West 57th Street, New York, New York 10019, and against Defendant on all Counts of the Complaint as follows:

(1)   Permanent Injunctive Relief:

Defendant and her respective officers, agents, servants, employees, and attorneys, and all persons acting in concert and participation with her are hereby permanently restrained and enjoined from:

(a)   manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell counterfeit and infringing goods using the Chanel Marks;

(b)   using the Chanel Marks in connection with the sale of any unauthorized goods;

(c)   using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendant offered for sale or sold via the Subject Domain Names and/or any other website or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

(d)   falsely representing herself as being connected with Plaintiff, through sponsorship or association;

(e)   engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendant offered for sale of sold via the Subject Domain Names and/or

          any other website or business are in any way endorsed by, approved by, and/or associated with Plaintiff;

(f) using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendant via the Subject Domain Names and/or any other website or business, including, without limitation, handbags, wallets, shoes, boots, gloves, outerwear, including coats and jackets, clothing, including dresses, and shirts, key chains, swimwear, and costume jewelry including, but not limited to, bracelets, necklaces and earrings;

(g) affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendant via the Subject Domain Names and/or any other website or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

(h) offering such goods in commerce;

(i) otherwise unfairly competing with Plaintiff;

(j) secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

(k) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth above.

//

  (2)  Additional Equitable Relief:

    (l)  In order to give practical effect to the Permanent Injunction, the Subject Domain Names are hereby ordered to be immediately transferred by Defendant, her assignees and/or successors in interest or title, and the Registrars to Plaintiff's control. To the extent the current Registrars do not facilitate the transfer of the domain names to Plaintiff's control within ten (10) days of receipt of this judgment, the United States based Registry shall, within thirty (30) days, transfer the Subject Domain Names to a United States based Registrar of Plaintiff's choosing, and that Registrar shall transfer the Subject Domain Names to Plaintiff;

    (m)  Upon Plaintiff's request, the top level domain (TLD) Registry for the Subject Domain Names shall place the Subject Domain Names on Registry Hold status within thirty (30) days of receipt of this Order, thus removing them from the TLD zone files maintained by the Registry which link the Subject Domain Names to the IP addresses where the associated websites are hosted; and

    (n)  Upon Plaintiff's request, Defendant, those acting in concert with her, and those with notice of the Injunction, including any Internet search engines, including Google, Yahoo!, and Bing, Web hosts, domain-name registrars and domain-name registries that are provided with notice of the Injunction, shall be and are hereby restrained and enjoined from facilitating access to any or all websites through which Defendant engages in the sale of counterfeit and infringing goods using the Chanel Marks.

  (3)  Statutory damages:

    a.  Plaintiff is awarded statutory damages against Defendant in the amount of $630,000.00 pursuant to 15 U.S.C. § 1117(c), for which let execution issue;

      b.  Plaintiff is awarded statutory damages against Defendant in the amount of $50,000.00 pursuant to 15 U.S.C. § 1117(d), for which let execution issue

(4)   Costs of Suit: Plaintiff is awarded costs against Defendant in the amount of $700.00 pursuant to 15 U.S.C. § 1117(a), for which let execution issue;

(5)   Interest from the date this action was filed shall accrue at the legal rate.

IT IS SO ORDERED AND ADJUDGED.

Dated: November 17, 2010          *Howard D. McKibben* (signature)
_____
Howard D. McKibben
UNITED STATES DISTRICT COURT JUDGE